# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00069-MR-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| GARY MAXWELL LEE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion and Request for Review of His Detention Order [Doc. 11].

**I.    PROCEDURAL BACKGROUND**

On June 19, 2015, the Defendant was charged in a criminal complaint with manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant made his initial appearance on June 22, 2015, at which time counsel was appointed and the Government moved for detention. A preliminary hearing and a detention hearing were set for June 24, 2015.

At the June 24, 2015 hearing, the Government proffered for consideration by the Court the Affidavit of North Carolina State Bureau of Investigation Special Agent Casey Drake, which had been filed in support of the criminal complaint. Additionally, the Government made Special Agent Drake available for cross-examination. The Defendant also called probation officer Tamara Styles to the stand, who testified regarding the availability of location monitoring at the Defendant's residence. Defense counsel also argued for the Defendant's release under certain conditions, including electronic monitoring. Upon conclusion of the hearing, Judge Howell granted the Government's request for pretrial detention and ordered the Defendant detained. A Detention Order was entered on June 24, 2015 [Doc. 7], and an Addendum to that Order was entered on June 26, 2015 [Doc. 9].

The Defendant filed the present motion seeking review of the Magistrate Judge's detention order on July 7, 2015. [Doc. 11].[1]

---

[1] The Defendant's motion was originally docketed only in Case No. 1:15-mj-00080-DLH and thus was not brought to this Court's attention. The motion was properly docketed in Case No. 1:15-cr-00069-MR-DLH on August 6, 2015, following the indictment of the Defendant [Doc. 12].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a presumption of detention, rebuttable by the defendant, if the Court finds that

there is probable cause to believe that the defendant committed certain enumerated offenses. See 18 U.S.C. § 3142(e)(3).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the record before the Court, the Court finds and concludes that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, thus giving rise to a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A).

The Court further finds and concludes that the Defendant has failed to rebut this presumption. As the Magistrate Judge correctly noted, the Defendant is a convicted felon and had in his possession at the time of his arrest a large assortment of firearms, including a "street sweeper," which is a prohibited weapon. See 18 U.S.C. § 3142(g)(1). The Defendant has no significant employment history and was not employed at the time of his arrest. Additionally, he has a history of substance abuse and a significant criminal history, including a conviction for felony manufacturing of marijuana in Florida. See 18 U.S.C. § 3142(g)(3).

Based on the evidence presented, the Court agrees with the Magistrate Judge that there is clear and convincing evidence that the release of the Defendant would create a risk of harm or danger to another person or the community. See 18 U.S.C. § 3142(g)(4).

Having conducted an independent review of the recording of the detention hearing, the Order of Detention, and the Addendum thereto, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm the Defendant's detention pending trial.

## O R D E R

**IT IS, THEREFORE, ORDERED** that upon the Defendant's Motion and Request for Review of His Detention Order [Doc. 11] is **DENIED**, and the Order of Detention [Doc. 7] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge